# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAMPAIGN FOR ACCOUNTABILITY**, 611 Pennsylvania Avenue SE, #337 Washington, DC 20003,<br><br>        Plaintiff,<br><br>    v.<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**, 200 Independence Avenue SW Washington, DC 20201,<br><br>        Defendant. | Case No. 18-cv-465 |

## COMPLAINT

1.      Plaintiff Campaign for Accountability brings this action against the U.S. Department of Health and Human Services under the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, 2201 and 2202.

3.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant failed to comply with the applicable time-limit provisions of FOIA, Campaign for Accountability is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold records and ordering the production of records improperly held.

## PARTIES

5.      Plaintiff Campaign for Accountability ("CfA") is a non-partisan organization primarily engaged in disseminating information to the public. CfA uses research, litigation, and communications to expose misconduct and malfeasance in public life. Through research and FOIA requests, CfA uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government, local and state governments, and other public actors through reports, press releases and other media.

6.      Defendant the U.S. Department of Health and Human Services ("HHS") is a department of the executive branch of the U.S. government, headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that CfA seeks.

## STATEMENT OF FACTS

7.      On November 8, 2017 and November 13, 2017, CfA submitted FOIA requests to HHS seeking documents and records related to Defendant's relationship and/or the relationship of certain HHS political appointees with certain non-profit organizations promoting conservative values on reproductive rights.

**8.**     The public deserves the opportunity to determine whether and to what extent

these organizations have attempted to influence HHS as it counsels the Trump administration

and Congress on issues related to reproductive and religious liberties. These matters are of

paramount public concern.

9.     The specifics of each request are set out in detail below.

*November 8 Department of Health and Human Services FOIA Request*

10.     On November 8, 2017, CfA submitted a FOIA request to HHS ("November 8

HHS FOIA Request") seeking:

    a.  All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other materials received by HHS from, sent by HHS to, or exchanged between HHS and Valerie Huber from January 20, 2017 to the date of her hire, on or around June 6, 2017.

    b.  All calendar entries reflecting meetings between HHS and Valerie Huber from January 20, 2017 to the date of her hire, on or around June 6, 2017.

    c.  All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other materials exchanged between Valerie Huber, chief of staff to the assistant secretary for health at HHS, and any representatives of Ascend or its predecessor organization, the National Abstinence Education Association, from the date of her hire, on or around June 6, 2017, to the date the search is conducted.

    d.  All calendar entries reflecting meetings between Valerie Huber and any representatives of Ascend or its predecessor organization, the National Abstinence Education Association, from the date of her hire, on or around June 6, 2017, to the date the search is conducted.

    e.  All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other materials received by HHS from, sent by HHS to, or exchanged between HHS and Charmaine Yoest from January 20, 2017 to the date of her hire, on or around April 28, 2017.

f.  All calendar entries reflecting meetings between HHS and Charmaine Yoest from January 20, 2017 to the date of her hire, on or around April 28, 2017.

g.  All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other materials exchanged between Charmaine Yoest, assistant secretary of public affairs at HHS, and any representatives of Americans United for Life, American Values, and Family Research Council, from the date of her hire, on or around April 28, 2017, to the date the search is conducted.

h.  All calendar entries reflecting meetings between Charmaine Yoest and any representatives of Americans United for Life, American Values, and Family Research Council, from the date of her hire, on or around April 28, 2017, to the date the search is conducted.

i.  All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other materials received by HHS from, sent by HHS to, or exchanged between HHS and Teresa Manning from January 20, 2017 to the date of her hire, on or around May 2, 2017.

j.  All calendar entries reflecting meetings between HHS and Teresa Manning from January 20, 2017 to the date of her hire, on or around May 2, 2017.

k.  All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other materials exchanged between Teresa Manning, deputy assistant secretary for population affairs, and any representatives of Family Research Council and National Right to Life, from the date of her hire, on or around May 2, 2017, to the date the search is conducted.

l.  All calendar entries reflecting meetings between Teresa Manning and any representatives of Family Research Council and National Right to Life, from the date of her hire, on or around May 2, 2017, to the date the search is conducted.

m.  All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other materials received by HHS from, sent by HHS to, or exchanged between HHS and Matthew Bowman from January 20, 2017 to the date of his hire, on or around July 10, 2017.

n.  All calendar entries reflecting meetings between HHS and Matthew Bowman from January 20, 2017 to the date of his hire, on or around July 10, 2017.

o. All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other materials exchanged between Matthew Bowman, counsel at HHS, and any representatives of Alliance Defending Freedom, from the date of his hire, on or around July 10, 2017, to the date the search is conducted.

p. All calendar entries reflecting meetings between Matthew Bowman and any representatives of Alliance Defending Freedom, from the date of his hire, on or around July 10, 2017, to the date the search is conducted.

11.     A copy of the November 8 HHS FOIA Request is attached hereto as Exhibit A and incorporated herein.

12.     The November 8 HHS FOIA Request was assigned tracking number **2018-00218-FOIA-OS**. As of February 21, 2018, the status of the request was listed as "Assigned for Processing." CfA has not received any further communication from HHS regarding this request.

*November 13 Department of Health and Human Services FOIA Request*

13.     On November 13, 2017, CfA submitted a FOIA request to HHS ("November 13 HHS FOIA Request") seeking:

a. All calendar entries for Paula Stannard, Senior Advisor to the Secretary.

b. All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other documents exchanged between Paula Stannard and any representatives of the Susan B. Anthony List, Concerned Women for America, the Heritage Foundation, Family Research Council, Americans United for Life, National Right to Life, Alliance Defending Freedom, Christian Coalition and/or March for Life. The request includes communications to or from anyone using email addresses from the following domains:
   - @sba-list.org
   - @cwfa.org
   - @heritage.org
   - @frc.org
   - @aul.org
   - @nrlc.org
   - @adflegal.org

- @cc.org
- @marchforlife@org

   c.   All calendar entries for Heidi Stirrup, Deputy White House Liaison for Political Personnel, Boards and Commissions.

   d.   All communications, meeting notices, meeting agendas, informational materials, draft legislation, talking points, or other documents exchanged between Heidi Stirrup and any representatives of the Susan B. Anthony List, Concerned Women for America, the Heritage Foundation, Family Research Council, Americans United for Life, National Right to Life, Alliance Defending Freedom, Christian Coalition and/or March for Life. The request includes communications to or from anyone using email addresses from the following domains:
- @sba-list.org
- @cwfa.org
- @heritage.org
- @frc.org
- @aul.org
- @nrlc.org
- @adflegal.org
- @cc.org
- @marchforlife@org

14.    The request sought all responsive records from January 20, 2017, to the date of the search. A copy of the November 13 HHS FOIA Request is attached hereto as Exhibit B and incorporated herein.

15.    As of the date of this Complaint, CfA has not received a written acknowledgement or response to the November 13 HHS FOIA Request.

*Exhaustion of Administrative Remedies*

16.    Through HHS's failure to produce the requested documents or otherwise respond within twenty business days, CfA has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and seeks immediate judicial review.

17.     As of the date of this Complaint, Defendant has failed to (a) notify CfA of any determination regarding the requests, including the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

18.     CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth therein.

19.     CfA properly requested records within the possession, custody, and control of the Defendant.

20.     Defendant is an agency subject to FOIA and must, therefore, make reasonable efforts to search for the requested records.

21.     Defendant has failed to promptly review agency records for the purpose of locating those records which are responsive to CfA's FOIA requests.

22.     Defendant's failure to conduct adequate searches for responsive records violates FOIA.

23.     Plaintiff CfA is, therefore, entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to CfA's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

24.     CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25.     CfA properly requested records within the possession, custody and control of Defendant.

26.     Defendant is an agency subject to FOIA and, therefore, must release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

27.     Defendant is wrongfully withholding non-exempt agency records requested by CfA by failing to produce non-exempt records responsive to its FOIA requests.

28.     Defendant is wrongfully withholding non-exempt agency records requested by CfA by failing to segregate exempt information in otherwise non-exempt records responsive to CfA's FOIA requests.

29.     Defendant's failure to provide all non-exempt responsive records violates FOIA.

30.     Plaintiff CfA is, therefore, entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indices justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

31.     WHEREFORE, CfA respectfully requests the Court to:

    a.  Order Defendant to conduct searches reasonably calculated to uncover all records responsive to CfA's FOIA requests;

    b.  Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to CfA's FOIA requests and indices justifying the withholding of any responsive records withheld under claim of exemption;

    c.  Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to CfA's FOIA requests;

    d.  Award CfA the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

    e.  Grant CfA such other relief as the Court deems just and proper.

Dated: February 27, 2018

Respectfully submitted,

BAKER & HOSTETLER LLP


By:     *s/ Carey S. Busen*
        Carey S. Busen (DC Bar: 982217)
        cbusen@bakerlaw.com

        1050 Connecticut Avenue, NW
        Suite 1100
        Washington, D.C. 20036-5403

        Attorneys for Plaintiff
        CAMPAIGN FOR ACCOUNTABILITY,
        611 Pennsylvania Avenue SE, #337
        Washington, DC 20003